RALPH ROBERTS[1] vs. NANCY NOON.[1]

Hampden. January 20, 1987. — March 4, 1987.

Present: BROWN, CUTTER, & DREBEN, JJ.

*Probate Court,* Jurisdiction, Illegitimate child. *Jurisdiction,* Probate Court. *Parent and Child,* Support of illegitimate child. *Constitutional Law,* Equal protection of laws.

CIVIL ACTION commenced in the Hampden Division of the Probate and Family Court Department on September 26, 1980.

The case was heard by *Joseph E. Rodgers, J.*

*William L. Cohn* for the plaintiff.

*Leah W. Sprague,* Special Assistant Attorney General, & *Nancy M. Savoie,* for the Commonwealth, amicus curiae, submitted a brief.

CUTTER, J. This case is governed in general by our decision in *Doe* v. *Roe, ante* 590 (1987), but involves somewhat different circumstances. We state the undisputed facts.

Thomas Todd[1] is the son, born out of wedlock, of Roberts and Nancy Noon. They were never married to one another.

[1] The plaintiff (whom we shall call Ralph Roberts) is the biological father by the defendant (whom we shall call Nancy Noon) of a son, (whom we shall call Thomas Todd) now over eighteen years of age. See the analogy of G. L. c. 209C, § 13.

Roberts provided some support to Thomas pursuant to orders of a Probate Court. Thomas attained the age of eighteen on July 28, 1986. He was to enter his senior year of high school in September, 1986. He is in need of support and resides with his mother, Nancy, upon whom he is principally dependent.

Roberts in 1980 brought in the Probate Court an equity proceeding against Nancy reciting (a) that he is the father of Thomas, (b) that he has contributed to the support of Thomas, (c) that in 1973 for several months, Thomas lived with Roberts, (d) that Nancy later took custody of Thomas, and (e) that she had denied visitation rights to Roberts.

On June 29, 1982, Nancy had been granted in a Probate Court additional support of sixty dollars a week for Thomas, and a wage assignment was executed on January 31, 1985, by Roberts to ensure that payment. On August 15, 1986, a probate judge denied Roberts's motion to modify and eliminate the 1985 order because Thomas by then had reached the age of eighteen. Roberts filed notice of his appeal on September 9, 1986. A single justice of this court on September 18, 1986, allowed prosecution of the appeal on an interlocutory basis and invited the Attorney General and the Department of Public Welfare to file a brief as amici curiae.[2]

As stated in the *Doe* case, *supra* at 591 n.2, St. 1986, c. 310, was approved with an emergency preamble on July 22, 1986, and all but two sections (neither of which is here relevant) of that statute were to take effect upon the passage of the statute. See § 35.

The probate judge correctly decided that he had authority to deny the motion to eliminate the weekly payment for the support of Thomas Todd. For reasons stated in *Doe* v. *Roe, supra* at 593-594, the judge was authorized to allow such support by exercise of the general equity powers of the Probate Court (G. L. c. 215, § 6) to the extent necessary to prevent any

[2] Such a brief has been filed by Leah W. Sprague, special assistant attorney general, also assistant commissioner for legal affairs of the Department of Public Welfare, and by Nancy M. Savoie, assistant general counsel of that department. This brief has been helpful, not only in the present case, but also in *Doe* v. *Roe, ante* 590 (1987).

unconstitutional discriminatory deprivation of support for Thomas. Thomas, born out of wedlock, was entitled to the support which a child born of married parents (in like circumstances) could obtain from his father under other statutory provisions, such as G. L. c. 208, § 28. The judge, because Thomas did not reach age eighteen until after pertinent provisions of St. 1986, c. 310, had become effective, also had jurisdiction to act appropriately under the new G. L. c. 209C, §§ 1-9, inclusive, and under G. L. c. 215, § 4, as appearing in St. 1986, c. 310, § 17.

This case is remanded to the Probate and Family Court Department, Hampden Division, for any appropriate further proceedings consistent with this opinion and with the opinion in *Doe* v. *Roe, supra.*

*So ordered.*