ALMA H. CONLON *vs.* HENRY A. SAWIN.

Norfolk. April 3, 1995. - July 7, 1995.

Present: LIACOS, C.J., WILKINS, ABRAMS, & O'CONNOR, JJ.

*Laches. Practice, Civil,* Motion to dismiss. *Paternity. Statute,* Construction.

A complaint brought by an emancipated adult seeking a determination of paternity under G. L. c. 209C that did not allege an adequate reason for seeking such an adjudication was properly dismissed. [738]

CIVIL ACTION commenced in the Norfolk Division of the Probate and Family Court Department on June 15, 1990.

The case was heard by *James M. Sweeney,* J., on a motion to dismiss.

After review by the Appeals Court, the Supreme Judicial Court granted leave to obtain further appellate review.

*Paul L. Carlucci* for the plaintiff.

*Carol Lynn May* for the defendant.

WILKINS, J. In this appeal, here on further appellate review (see *Conlon* v. *Sawin,* 37 Mass. App. Ct. 545 [1994]), we decide that an emancipated adult, who seeks a determination that the defendant is her father, has not alleged facts entitling her to a determination of the paternity issue. The Appeals Court concluded that an emancipated adult may not maintain an action under G. L. c. 209C (1992 ed.) to establish paternity and further stated that, if the Probate and Family Court could decide the issue under its equity jurisdiction, the claim was "barred by the defense of laches." *Conlon* v. *Sawin, supra* at 548.

The plaintiff commenced this action in June, 1990, in the Norfolk Probate Court, alleging that she is a child born out of wedlock, that she was born on September 22, 1934, and

that the defendant is her biological father. She requested that the court "adjudicate Defendant father of said child." The defendant moved to dismiss the complaint, alleging that the primary purpose of the paternity statute is to collect child support from a child's biological father and that the procedures of the paternity statute are not available to a person almost sixty years old. The defendant also alleged that the plaintiff's claim was barred by laches.

In August, 1992, a judge of the Probate Court dismissed the complaint, ruling that G. L. c. 209C did not authorize the action and that the defendant's health and the passage of time made adequate defense of the action difficult. The judge relied on facts presented in an affidavit from the defendant's doctor and on unverified facts submitted by counsel.

Laches is an affirmative defense (Mass. R. Dom. Rel. P. 8 [c] [1995]) and may not be raised by a motion to dismiss. Mass. R. Dom. Rel. P. 12 (b) (1995). The Rules of Domestic Relations Procedure do not provide for the entry of summary judgment.[1] It is not apparent what procedural device warranted the consideration of facts outside the complaint in ruling on the motion to dismiss.[2] The passage of time since the plaintiff's birth, which is apparent from the complaint, does not alone establish the defense of laches.[3]

---

[1]The Rules of Domestic Relations Procedure have no rule parallel to Mass. R. Civ. P. 56, 365 Mass. 824 (1974), concerning summary judgment. The defense of laches (and no doubt other Probate Court issues) might be presented on motions for summary judgment. Perhaps a rule change allowing motions for summary judgment, at least in certain circumstances, would be helpful.

[2]If we were to accept the facts submitted as properly before the judge, the record is not clear that, as a matter of law, laches would bar this action. The plaintiff represents that she will prove paternity largely by genetic marker testing. We do not express or imply any view that this can be done in the circumstances.

[3]The plaintiff makes no claim that she is entitled to maintain this action under the Probate Court's general equity jurisdiction. If she could do so, the complaint has the same deficiency that we identify with respect to her reliance on G. L. c. 209C.

A complaint under G. L. c. 209C to establish paternity may be commenced "by the child." G. L. c. 209C, § 5 (*a*).[4] The Appeals Court does not discuss or cite § 5 (*a*) in its opinion. By itself the word "child" in § 5 (*a*) does not answer the question in this case. Although "child" standing alone contains no inherent reference to age, in context one's intent might be clear. At all ages one is a child of his or her parents. One's children may be of any age. On the other hand, phrases such as "mother and child," the "Children's Hour," and "child's play" implicitly exclude a mature person from the word "child" or "children." Phrases such as "minor child" and "children of all ages," however, present no ambiguity about age.

Support obligations under G. L. c. 209C do not terminate in all instances when a child born out of wedlock attains majority. A parent of such a child who is domiciled in the parent's home and is principally dependent on that parent is liable for support until the child attains the age of twenty-one years. G. L. c. 209C, § 1.[5] Thus there are circumstances in

---

[4]"Section 5. (*a*) Complaints under this chapter to establish paternity, support, visitation or custody of a child may be commenced by the mother, whether a minor or not; by a person presumed to be or alleging himself to be the father, whether a minor or not; by the child; by the child's guardian, next of kin, or other person standing in a parental relation to the child; by the parent or personal representative of the mother if the mother has died or has abandoned the child; by the parent or personal representative of the father if the father has died; by the authorized agent of the department of social services or any agency licensed under chapter twenty-eight A provided that the child is in their custody; or, if the child is or was a recipient of any type of public assistance, by the department of public welfare; provided, however, that if the mother of the child was or is married and the child's birth occurs during the marriage or within three hundred days of its termination by death, annulment or divorce, complaints under this chapter may not be filed by a person presumed to be or alleging himself to be the father unless he is or was the mother's husband at the time of the child's birth or conception."

[5]If a child is under twenty-three years and domiciled with a parent on whom the child is principally dependent for maintenance because the child is enrolled in an educational program, a court may order that the parent pay maintenance, support, and educational costs (except for educational costs beyond an undergraduate level). See G. L. c. 208, § 28 (1992 ed.); *Roberts* v. *Noon*, 23 Mass. App. Ct. 596, 597-598 (1987).

which an adult child unquestionably may have a reason to commence a paternity and support action. Section 5 (*a*), by its reference to "child," appears to recognize that right.

There is no doubt, however, that the principal object of G. L. c. 209C is to provide for the determination of paternity so that the father's obligation to support his child can be enforced. Certainly the history of G. L. c. 209C shows a major focus on fathers' support obligations, a consideration obviously not involved in this case. See G. L. c. 209C, § 1 ("the purpose of this chapter" is to establish paternity of children born out of wedlock, "to have an order for their support" and to determine custody and visitation rights). On the other hand, a paternity determination may be made under G. L. c. 209C without any accompanying award of custody or support. See G. L. c. 209C, §§ 3 (*b*), 10 (*a*), 23 (*b*) & (*c*).

We need not decide whether there may be some circumstance in which an emancipated adult born out of wedlock may use G. L. c. 209C to obtain a paternity determination. Even if a support order need not be an object of an action to establish paternity, the complaint must allege some adequate reason for seeking a paternity determination.[6] A determination of paternity in this case made in the abstract cannot be justified. The complaint fails to allege any reason why a determination of paternity would serve any interest of the plaintiff that the law should recognize. Courts have more important business to discharge than providing answers to questions that have no asserted purpose.

Although we have a different reason why the defendant's motion to dismiss should have been allowed than the motion judge or the Appeals Court had, we affirm the order dismissing the complaint.

*So ordered.*

---

[6]A child born out of wedlock may commence an action against the representative of the estate of a man who, it is alleged, was the child's father in order to establish paternity and perhaps rights to take by descent. See G. L. c. 190, § 7 (1992 ed.).